UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JAHMIL O. BARRETT,

*Plaintiff,*

– against –

LOCAL 804 UNION BROTHERHOOD OF
TEAMSTERS (IBT) and UNITED PARCEL
SERVICES INC. (UPS),

*Defendants.*

---

**MEMORANDUM & ORDER**
22-cv-06925 (NCM)(LB)

**NATASHA C. MERLE**, United States District Judge:

Plaintiff moves for reconsideration of the Court's order granting defendants' motions to dismiss. For the reasons stated below, plaintiff's motion is DENIED.

## BACKGROUND

Plaintiff brought this action against defendants Local 804 Union Brotherhood of Teamsters ("Local 804") and United Parcel Services Inc. ("UPS") for unlawful discharge from employment and unfair labor practices. Second Amended Complaint ("SAC"), ECF No. 38. The Court assumes familiarity with the underlying facts of plaintiff's claims and lawsuits. *See Barrett v. Loc. 804 Union (IBT)*, No. 18-cv-2046, 2022 WL 992525 (E.D.N.Y. Mar. 31, 2022) (*"Barrett I");* Memorandum & Order ("Order"), ECF No. 69. (*"Barrett II").* On March 28, 2024, this Court granted defendants' motions to dismiss, finding plaintiff's complaint was precluded by *res judicata* and failed to state a claim for relief. *See* Order.

1

**STANDARD OF REVIEW**

"A motion for reconsideration is an extraordinary request that is granted only in rare circumstances." *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). Though plaintiff is proceeding *pro se*, he is still required to produce evidence to support such a motion. *See Rowe v. Cenlar FSB*, No. 19-cv-07278, 2022 WL 3682302, at *3 (E.D.N.Y. Aug. 25, 2022), aff'd, No. 22-1870, 2023 WL 6873092 (2d Cir. Oct. 18, 2023).

Reconsideration will generally be denied unless the moving party can point to: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). But the purpose of a motion for reconsideration is not to repeat arguments previously rejected by the Court, nor to make new arguments that could have been previously raised. *Brown v. City of New York*, 622 F. App'x 19, 19–20 (2d Cir. 2015) (quoting *Assoc. Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y.2005)). Yet that is precisely what plaintiff attempts to do.

**DISCUSSION**

Plaintiff's motion, liberally construed to raise the strongest arguments, seems to rest on four grounds: mistake, newly discovered evidence, fraud by an opposing party, and any other reason justifying relief. Fed. R. Civ. P. 60(b). The Court analyzes the applicability of each ground in turn.

I.      Mistake Under 60(b)(1)

A motion for reconsideration may be granted for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Here, plaintiff seems to argue that the Court mistakenly failed to "address all of the concerns as listed" in plaintiff's filings. Mot. ¶ 26.

Specifically, plaintiff argues the Court did not address his allegation that Local 804 did not timely enforce the 2014 Settlement Agreement. Mot. ¶ 21.

After plaintiff's discharge from UPS in 2011 and his resulting grievance, the parties entered into a settlement agreement in 2014. Order at 1–2. Contrary to plaintiff's argument, the Court did address his allegations regarding Local 804's enforcement of his 2014 Settlement Agreement. In its Order dismissing plaintiff's complaint, the Court found that plaintiff's enforcement claims for his discharge from UPS and grievance process were barred by *res judicata*. Order at 6–7.

The Court then analyzed Local 804's duty to fairly represent plaintiff for his 2022 UPS employment denial grievance. Order at 7–11. The plaintiff, again relying on the Union's obligations to enforce the 2014 Settlement Agreement, argued that Local 804 did not sufficiently enforce the agreement throughout the employment denial grievance process. Order at 7. The Court found that plaintiff failed to state a claim for relief that Local 804 breached its duty of fair representation in this respect as well. Order at 11.

Furthermore, the Court addressed plaintiff's challenge of Local 804's decisions as to whether and when to request a panel review in both *Barrett I* and *Barrett II*. In *Barrett I*, the Court found that Local 804's decision to review plaintiff's claims and determine that "he did not have a great case going into arbitration or panel" was reasoned and rational. *Barrett I* at *7. And in *Barrett II*, the Court found that Local 804 submitted plaintiff's 2022 grievance to the panel one month after the employment denial. Order at 9. The timing of the demand therefore did not support plaintiff's argument that Local 804 breached its duty of representation of plaintiff. *See* Order at 9 (noting that "the Panel was requested, at the latest, one month later in July 2022," which "contradicts" plaintiff's calculation of 54 months).

Moreover, the Court also addressed plaintiff's concern about the delay in the time it has taken to receive a panel hearing concerning his 2022 grievance. *See* Order at 10 (refusing to find that Local 804's year-long delay amounted to more than negligence).[1]

Thus, the Court evaluated and rejected plaintiff's claims in its Order and reconsideration under Rule 60(b)(1) is unwarranted.

## II.    New Evidence Under 60(b)(2)

A motion for reconsideration may also be granted for "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). In order to succeed based on a claim of newly discovery evidence, the movant must show that: (1) the newly discovered evidence was of facts that existed at the time of the dispositive proceeding, (2) the movant was justifiably ignorant of the facts despite due diligence, (3) the evidence is admissible and of such importance that it probably would have changed the outcome, and (4) the evidence is not merely cumulative or impeaching. *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001).

The "newly discovered evidence" plaintiff raises is an April 2024 email exchange detailing that plaintiff was behind 4000 rather than 3000 people awaiting resolution by the panel. However, plaintiff acknowledges that he was aware of his placement in

---

[1]    Plaintiff also seems to assert that the Court mistakenly failed to address his argument that he should be allowed to proceed to discovery to force defendants to make statements under oath. Mot. ¶ 23. It appears plaintiff seeks discovery to support his allegations. However, the Court has found that his claims, as pled, are foreclosed by *res judicata* and on its face the Complaint states no claim for relief. Order at 4, 7. Without meeting the threshold of stating a claim for relief, plaintiff's desire for discovery is not a basis to find in his favor. *See, e.g., Main St. Legal Servs., Inc. v. Nat'l Sec. Council*, 811 F.3d 542, 567 (2d Cir. 2016) ("A plaintiff who has failed adequately to state a claim is not entitled to discovery.").

November 2023, months before judgment was issued. *See* Mot. Ex. A; Reply to Local 804, ECF No. 79, Ex. D2–D3. Plaintiff's knowledge that the panel would address thousands of grievances before his own shows that he was not justifiably ignorant of this fact.

Further, plaintiff has failed to establish that the emails were "admissible and of such importance that it probably would have changed the outcome," or that the evidence was not "cumulative or impeaching." *Int'l Bhd. of Teamsters*, 247 F.3d at 392. As noted above, the Court considered the panel hearing delay in its decision. Order at 9. Plaintiff cannot now relitigate the same issue with evidence he did not raise prior to the judgment. *See, e.g.*, *Davidson v. Scully*, 172 F. Supp. 2d 458, 463 (S.D.N.Y. 2001) ("It is well established that the submission of new evidence is precluded on a motion for reconsideration."). Therefore, reconsideration is inappropriate under Rule 60(b)(2).

III.     Fraud Under 60(b)(3)

A motion for reconsideration may also be granted due to "fraud, misrepresentation, or misconduct by an opposing party." Fed R. Civ. P. 60(b)(3). For this relief to be available, plaintiff must provide clear and convincing evidence of fraud or misconduct. *See Castro v. Bank of New York Mellon*, 852 F. App'x 25, 30 (2d Cir. 2021) ("[U]nsubstantiated assertion[s] do[ ] not satisfy the clear-and-convincing standard required to show fraud."). "[A] movant must show that the conduct complained of prevented the moving party from fully and fairly presenting his case." *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) (internal quotation marks omitted).

Plaintiff does not provide clear and convincing evidence of fraud by the opposing parties. Furthermore, the Court already analyzed plaintiff's claims of fraud, found them wanting, and dismissed them on the bases of *res judicata* and failure to state a claim for

the 2011 discharge and 2022 employment denial respectively. *See* Order at 6–9. Therefore, fraud does not provide a valid basis for granting reconsideration.

IV.    Catchall Under 60(b)(6)

Lastly, a motion for reconsideration may be granted for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This provision is a "catchall" that is "available only when Rules 60(b)(1) through (b)(5) are inapplicable," *Kemp v. United States*, 596 U.S. 528, 533 (2022), and is reserved for cases that present "extraordinary circumstances," *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988). Plaintiff's arguments for reconsideration each fall under one of the dedicated grounds described above. Moreover, plaintiff has not met his burden to demonstrate extraordinary circumstances warranting reconsideration under this provision.

**CONCLUSION**

For the reasons discussed above, plaintiff's motion is **DENIED**.

**SO ORDERED.**

> ___/s/ Natasha C. Merle_____
> NATASHA C. MERLE
> United States District Judge

Dated:        June 4, 2024
              Brooklyn, New York

6